2010R00212/DEM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA    :     Criminal No. 11-482 (JAP)

         v.     **RECEIVED**     :

                  26 U.S.C. § 7201

ERIC LOGIUDICE    JUL 1 4 2011    :    18 U.S.C. § 1001

                  18 U.S.C. § 2

         AT 8:30    M
         WILLIAM T. WALSH CLERK    <u>I N F O R M A T I O N</u>

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

<u>COUNT ONE</u>

**(Tax Evasion -**
**Title 26, United States Code, Section 7201)**

1. At various times relevant to Count One of this Information, during the years 2005 through 2008:

a. Defendant ERIC LOGIUDICE was a resident of Manalapan, New Jersey.

b. NJS Metropolitan Architectural Woodworking Inc. (hereafter "NJS") was a company based in Union, New Jersey that engaged in the business of woodworking production and installation. NJS performed work as a subcontractor on numerous construction and renovation projects in New Jersey and New York. NJS received money from general contractors, who in turn collected money from customers for the work performed by NJS.

c. Defendant ERIC LOGIUDICE was an employee of NJS and had job duties that included generating business for NJS through contacts with various general contractors and collecting

and receiving payments from general contractors on behalf of his employer.

 d. Defendant ERIC LOGIUDICE, at times during the years 2005 through 2007, stole and embezzled money from NJS by receiving certain checks made payable to NJS, cashing the checks at a check cashing facility, and keeping the cash for himself. The amount of money stolen and embezzled totaled at least approximately $150,000.00.

 e. During tax years 2005 through 2008, defendant ERIC LOGIUDICE evaded personal income taxes by filing false and fraudulent U.S. Individual Tax Returns, Form 1040 in which he falsely claimed a lower income amount by failing to disclose approximately $607,161 in personal income, including the money stolen and embezzled from NJS. These false and fraudulent tax returns resulted in approximately $199,847 in tax loss to the United States Treasury.

 f. On or before April 15, 2007, defendant ERIC LOGIUDICE filed a 2006 tax return on behalf of himself with the Internal Revenue Service. That return stated that his taxable income for the calendar year 2006 was $43,550 and the amount of tax due and owing was approximately $7,451.

 g. The return did not include approximately $346,555 in additional taxable income defendant ERIC LOGIUDICE received in 2006. With this income, an additional tax of approximately $115,711 was due and owing to the United States.

2

2.   On or before April 15, 2007, in the District of New Jersey and elsewhere, defendant

ERIC LOGIUDICE

did knowingly and willfully attempt to evade and defeat a substantial part of the income tax due and owing to the United States in that he signed and caused to be filed a false and fraudulent 2006 U.S. Individual Income Tax Return, Form 1040, described in paragraph 1f of this Count, knowing it be false and fraudulent as described in paragraph 1g of this Count.

In violation of Title 26, United States Code, Section 7201.

3

## COUNT TWO

### (Making False Statements –
### Title 18, United States Code, Section 1001 and Section 2)

1.   At all times relevant to Count Two of this Information:

a.   The U.S. Department of Housing and Urban Development (hereafter "HUD") was an agency of the United States.

b.   The Community Development Block Grant Program (hereafter "CDBG") was a program administered by HUD in which federal funds were given to various counties around the country, including Essex County, New Jersey, for the purpose of community redevelopment and revitalization.   Federal laws and regulations required that all employees on any federally-funded project in excess of $2,000, such as a CDBG project in excess of $2,000, be paid at or above a set wage and benefit determined by the U.S. Department of Labor.

c.   The Community Economic Revitalization Program (hereafter "CERP") was a program through which the Essex County Division of Housing and Community Development administered federal CDBG funds on behalf of Essex County, New Jersey. Pursuant to CERP, the Essex County Division of Housing and Community Development allotted a certain potion of the federal CDBG money to the City of Orange Township, New Jersey, for use in community redevelopment and revitalization in the City of Orange Township.

4

d.  Pursuant to CERP, the City of Orange Township Department of Planning and Development received and processed applications for CDBG funds within the city of Orange Township.

e.  NJS Metropolitan Architectural Woodworking Inc. (hereafter "NJS") was a company based in Union, New Jersey that engaged in the business of woodworking production and installation.  NJS performed work as a subcontractor on numerous construction and renovation projects in New Jersey and New York. NJS received money from general contractors, who in turn collected money from customers for the work performed by NJS.

f. Defendant ERIC LOGIUDICE was an employee of NJS and had job duties that included generating business for NJS through contacts with various general contractors and collecting and receiving payments from general contractors on behalf of his employer.

2.  On or about November 9, 2005, an individual with the initials M.F. submitted a CERP application to the City of Orange to receive CDBG funds for a renovation project on Lincoln Avenue (hereafter the "Lincoln Avenue Project").

3.  On or about May 31, 2006, an individual with the initials A.F. informed the City of Orange Township that NJS would be the general contractor for the Lincoln Avenue Project.

4.  On or about June 5, 2006, defendant ERIC LOGIUDICE attended a meeting with A.F. and officials with the City of Orange Township at which defendant ERIC LOGIUDICE stated that defendant ERIC LOGIUDICE, on behalf of NJS, would be the general

contractor for the Lincoln Avenue Project. At this meeting, defendant ERIC LOGIUDICE was informed that he was required to submit a weekly certified payroll form, known as a Form WH-347, documenting the wages and hours worked by all employees at the Lincoln Avenue Project.

5. On an unknown date between on or about September 2, 2006 and on or about February 21, 2007, defendant ERIC LOGIUDICE caused an employee of NJS to fraudulently create five weekly Forms WH-347 for employees working on the Lincoln Avenue Project. The Forms WH-347 listed individuals with the initials F.T., R.M., S.R., E.R., and J.T. as employees working on the Lincoln Avenue Project when, as defendant ERIC LOGIUDICE well knew, F.T., R.M., S.R., E.R., and J.T. never worked at the Lincoln Avenue Project. On or about February 21, 2007, defendant ERIC LOGIUDICE faxed a copy of these fraudulent certified payroll reports to the City of Orange Township Department of Planning and Development, which documents were required as a condition of federal funding.

6. On or about March 9, 2007, the Essex County Division of Housing and Community Development issued a check to M.F. and NJS in the amount $52,872.50 for the CDBG funds for the Lincoln Avenue Project.

7. Between on or about September 2, 2006 and February 21, 2007, in Union County, in the District of New Jersey and elsewhere, defendant

ERIC LOGIUDICE

in a matter within the jurisdiction of the executive branch of the United States, namely, the U.S. Department of Housing and Urban Development, knowingly and willfully made and used false writings and documents knowing them to contain materially false, fictitious, and fraudulent statements and entries by submitting fraudulent Forms WH-347 to the City of Orange Township Department of Planning and Development, as described in Paragraph 5 of this Count of this Information, knowing that these fraudulent Forms WH-347 would be submitted to the U.S. Department of Housing and Urban Development in order to obtain approximately $52,872.50.

In violation of Title 18, United States Code, Section 1001 and Section 2.


PAUL J. FISHMAN
United States Attorney

7

CASE NUMBER: _____

# United States District Court
## District of New Jersey

## UNITED STATES OF AMERICA

v.

## ERIC LOGIUDICE

# INFORMATION FOR

26 U.S.C. § 7201
18 U.S.C. § 1001
18 U.S.C. § 2

## PAUL J. FISHMAN
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

DAVID E. MALAGOLD
*ASSISTANT U.S. ATTORNEY*
*(973) 645-6103*

USA-48AD 8
(Ed. 1/97)