

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

Criminal Division

| | | |
|---|---|---|
| PAUL J. FISHMAN<br>United States Attorney | 970 Broad Street, Suite 700<br>Newark, New Jersey 07102 | Phone:   973-645-2700<br>Fax:       973-645-3497 |

RECEIVED JUL 14 2011 AT 8:30 WILLIAM T. WALSH CLERK

January 25, 2011

Timothy Donohue, Esq.
Arleo Donohue and Biancamano LLC
622 Eagle Rock Avenue
West Orange, NJ 07052

    Re: <u>Plea Agreement with Eric Logiudice</u>

Dear Counsel:

    This letter sets forth the plea agreement between your client, Eric Logiudice, and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement is subject to approval by the United States Department of Justice, Tax Division.

<u>Charges</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Mr. Logiudice to a two-count Information that charges him as follows: (1) Count One: tax evasion (2006 tax year), in violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2 and (2) Count Two: false statements (by submitting false documentation to obtain money from the U.S. Department of Housing and Urban Development in or around April 2007), in violation of Title 18, United States Code, Sections 1001 and 2  If Mr. Logiudice enters a guilty plea and is sentenced on these charges and otherwise fully complies with all of the terms of this agreement, then this Office will not initiate any further criminal charges against Mr. Logiudice for the (1) criminal conduct alleged in the Information; (2) his tax evasion for the tax years 2005-2008; or (3) his embezzlement of money from NJS/Metropolitan Woodworking during the years 2006-2007. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Mr. Logiudice agrees that any dismissed charges and any

other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Mr. Logiudice may be commenced against him, notwithstanding the expiration of the limitations period after Mr. Logiudice signs the agreement.

Sentencing

**Count One-Tax Evasion**

   The violation of Title 26, United States Code, Section 7201 to which Mr. Logiudice agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. In addition, the sentence may include the costs of prosecution.

**Count Two-False Statements**

   The violation of Title 18, United States Code, Sections 1001 to which Mr. Logiudice agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

   The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

   The sentence to be imposed upon Mr. Logiudice is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, Title 18, United States Code, Sections 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Mr. Logiudice ultimately will receive.

   Further, in addition to imposing any other penalty on Mr. Logiudice, the sentencing judge: (1) will order Mr. Logiudice to pay an assessment of $100 per count pursuant to Title 18, United States Code, Section 3013, which assessment must be paid by the

date of sentencing; (2) must order Mr. Logiudice to pay restitution pursuant to Title 18, United States Code, Sections 3663 et seq. and 3663A; (3) may order Mr. Logiudice, pursuant to Title 18, United States Code, Section 3555, to give notice to any victims of his offenses; (4) may order Mr. Logiudice to pay the costs of prosecution; and (5) pursuant to Title 18, United States Code, Section 3583, may require Mr. Logiudice to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Mr. Logiudice be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Mr. Logiudice may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

In addition, Mr. Logiudice agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense. This restitution includes, but is not limited to the following:

(1) $199,847 to the Internal Revenue Loss for his submission of fraudulent tax returns for the tax years 2005-2008;
(2) $52,872.50 to the U.S. Department of Housing and Urban Development for his false submissions resulting in federal grant money; and
(3) Restitution to NJS Architectural/Metropolitan Woodworking for money stolen or embezzled. Mr. Logiudice agrees that the restitution amount is not less than $150,000.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Mr. Logiudice by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Mr. Logiudice's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Mr. Logiudice agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Mr. Logiudice from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Mr. Logiudice waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255.

Mr. Logiudice waives all challenges of any kind to the forfeiture and abandonment of the firearm and ammunition by federal, state, and/or local law enforcement. Mr. Logiudice further waives any additional notice requirement in connection with the forfeiture and abandonment of the firearm and ammunition and consents to the destruction of the forfeited and abandoned firearm and ammunition at the discretion of federal, state, and/or local law enforcement.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense(s) will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Mr. Logiudice. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the United States Department of Labor), or any third party from initiating or prosecuting any civil proceeding against Mr. Logiudice.

Before the date of sentencing, Mr. Logiudice shall: (1) file true and accurate amended personal tax returns for calendar years 2005 through 2008 by entering into a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiencies in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns for the aforementioned tax years; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes (including interest and penalties, if any) owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue

Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Mr. Logiudice agrees to allow the contents of his Internal Revenue Service criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Mr. Logiudice. With respect to disclosure of the criminal file to the Internal Revenue Service, Mr. Logiudice waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Mr. Logiudice's tax returns and return information.

    Furthermore, Mr. Logiudice agrees not to file any claims for refund of taxes, penalties, and interest for the years 2005 through 2008 or for any other amounts paid in accordance with this agreement. Mr. Logiudice agrees that the provisions set forth in the agreement concerning his tax obligations, including those obligations set forth under the caption "Other Provisions" of this agreement are appropriate conditions of Probation or Supervised Release.

<u>No Other Promises</u>

    This agreement constitutes the plea agreement between Mr. Logiudice and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

7-14-11

By: DAVID E. MALAGOLD
Assistant U.S. Attorney

APPROVED:

MICHAEL HAMMER
Deputy Chief, Criminal Division

- 6 -

I have received this letter from my attorney, Timothy Donohue, Esq. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charges, sentencing, the stipulations, waiver, and immigration consequences. I fully understand the letter. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 3/4/11
Eric Logiudice

I have discussed with my client this letter and all of its provisions, including the provisions addressing the charges, sentencing, the stipulations, waiver, forfeiture, and immigration consequences. My client fully understands the letter and wants to plead guilty pursuant to this plea agreement.

_____     Date: 3/4/11
Timothy Donohue, Esq.

- 7 -

Plea Agreement With S~~tephen M.~~ ERIC Logiudice
---

### Schedule A

1. This Office and Mr. Logiudice agree to stipulate to the following facts:

2. As to Count One:

    A. The relevant conduct includes approximately $199,847 in federal tax loss within the meaning of U.S.S.G. § 2T1.1(a)(1).

    B. Part of the tax loss to the Internal Revenue Service includes more than $10,000 in any year from criminal activity, namely the theft/embezzlement of funds from NJS Architectural/Metropolitan Woodworking, within the meaning of U.S.S.G. § 2T1.1(b)(1)

3. As to Count Two: Mr. Logiudice knowingly and intentionally made false statements and representations to government agencies, knowing this false information would be submitted to the United States Department of Housing and Urban Development to receive the sum of $52,872.50 in federal grant money.

4. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.